IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVE COLL**<br>37 W Springfield Avenue<br>Philadelphia, PA 19118<br><br>        Plaintiff,<br>    v.<br><br>**UNITED STATES DEPARTMENT OF DEFENSE**<br>1400 Defense Pentagon<br>Washington, D.C. 20301<br><br>        Defendant. | Civil Action No. _____ |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Steve Coll ("Mr. Coll" or "Plaintiff"), by and through undersigned counsel, hereby alleges as follows:

1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought by award-winning journalist Steve Coll ("Plaintiff" or "Mr. Coll"), regarding two FOIA requests he submitted to the United States Department of Defense ("Defendant" or "DoD").

2.  Mr. Coll's FOIA requests seek records from the Saddam Hussein Regime collection of the former Conflict Records Research Center ("CRRC" or the "Center") that are now in the possession, custody, and/or control of the Office of the Assistant Secretary of Defense for Strategy, Plans and Capabilities at the DoD. By this action, Plaintiff seeks to compel Defendant to comply with its statutory obligations under FOIA, including by disclosing the requested records, which Defendant has withheld in violation of the Act.

1

## PARTIES

3. Plaintiff Steve Coll is the Dean of the Graduate School of Journalism at Columbia University, a staff writer at the *New Yorker* magazine, the author of eight books of nonfiction, and a two-time winner of the Pulitzer Prize. Between 1985 and 2005, he was a reporter, foreign correspondent and senior editor at the *Washington Post*. Mr. Coll has also been a faculty member of the Graduate School of Journalism at Columbia University since 2013.

4. Defendant Department of Defense is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. DoD's headquarters are located at 1400 Defense Pentagon, Washington, D.C. 20301.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Background

7. In 2010, the CRRC was established at the National Defense University to fulfill the Secretary of Defense's intent to enable research into records captured by U.S. and coalition forces abroad. According to what appears to be an archival version of the CRRC's website, the CRRC's mission was to enable research conducted with "complete openness and rigid adherence to academic freedom and integrity," and to "facilitate the use of captured records to support research, both within and outside the government." CONFLICTS RECORDS RESEARCH CENTER, https://conflictrecords.wordpress.com/ [https://perma.cc/BHK8-M9MT].

2

8. CRRC staff oversaw the translation and digital archiving of records captured by U.S. and coalition forces in Iraq, Afghanistan and elsewhere, and made them available to journalists and scholars.

9. Among the records held by CRRC was a set known as the Saddam Hussein Regime collection, which includes documents describing the activities of the Saddam Hussein regime in Iraq before 2003, as well as audio recordings and transcripts of conversations of regime leaders, including Saddam Hussein.

10. During its operation, CRRC personnel translated records from Arabic into English, created transcripts, and made available to researchers approximately 200 hours of these audio files.

11. In or about 2015, the CRRC closed due to budgetary issues.

12. Thereafter, the full archive of CRRC's digital records was moved to a DoD office under the supervision of the Assistant Secretary of Defense for Strategy, Plans and Capabilities.

13. Mr. Coll is currently writing a book that will chronicle the relationship between Saddam Hussein and the United States between 1979 and 2003 and facilitate accurate public understanding about the origins of the U.S. conflict in Iraq.

14. In connection with research for his book, Mr. Coll submitted two FOIA requests to Defendant for records from the Saddam Hussein Regime collection of the former CRRC.

**Plaintiff's FOIA Requests**

*Plaintiff's First Request*

15. On May 24, 2019, Mr. Coll submitted a FOIA request to DoD via email ("First Request"). A true and correct copy of the First Request is attached hereto as **Exhibit 1** and is incorporated by reference herein.

16. The First Request asked for three categories of records:

    A. All English language transcripts from the CRRC's Saddam Hussein Regime collection corresponding to the alphanumeric codes attached as Appendix A;

    B. All Arabic language transcripts from the CRRC's Saddam Hussein Regime corresponding to the codes attached as Appendix A;

    C. All digital audio files corresponding to the English and Arabic language transcripts listed in Appendix A.

Ex. 1.

17.    The First Request sought both a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Ex. 1.

18.    By letter dated May 28, 2019, DoD acknowledged receipt of the First Request and assigned it tracking number 19-F-1267. A true and correct copy of DoD's May 28, 2019 acknowledgement letter ("First Request Acknowledgment") is attached hereto as **Exhibit 2.**

19.    In the First Request Acknowledgment, DoD claimed that "unusual circumstances" applied to the processing of the request. Ex. 2. It did not provide an estimated time of completion.

20.    The First Request Acknowledgment did not respond to or make a determination with respect to Mr. Coll's request for a fee benefit and fee waiver in the First Request.

21.    In 2020 and 2021, Mr. Coll sought updates from DoD on numerous occasions via email as to the processing of the First Request.

*Plaintiff's Second Request*

22.    On July 3, 2019, Mr. Coll submitted a second FOIA request to DoD via email ("Second Request"). A true and correct copy of the Second Request is attached hereto as **Exhibit 3** and is incorporated by reference herein.

23. The Second Request asked for two categories of records:

> A. All English language documents from the CRRC's Saddam Hussein Regime collection corresponding to the alphanumeric codes attached as Appendix A;
>
> B. All Arabic language documents from the CRRC's Saddam Hussein Regime collection corresponding to the codes attached as Appendix A.

Ex. 3.

24. The Second Request sought both a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Ex. 3.

25. By letter dated July 9, 2019, DoD acknowledged receipt of the Second Request and assigned it tracking number 19-F-1473. A true and correct copy of DoD's July 9, 2019 acknowledgement letter ("Second Request Acknowledgment") is attached hereto as **Exhibit 4.**

26. In the Second Request Acknowledgment, DoD claimed that "unusual circumstances" applied to the processing of the request. Ex. 4. It did not provide an estimated time of completion.

27. The Second Request Acknowledgment stated that DoD would make a determination as to Plaintiff's request for a fee waiver at the conclusion of the search for responsive records. *See id.*

28. In 2020 and 2021, Mr. Coll sought updates from DoD on numerous occasions via email as to the processing of the Second Request.

29. On September 8, 2021, DoD stated the estimated completion date for the Second Request was "updated" to November 11, 2021.

30.     Mr. Coll has received no subsequent communication from DoD regarding the Second Request.

### Current Status of Plaintiff's Requests

31.     As of the filing of this Complaint, Plaintiff has received neither a determination nor any records or portions thereof in response to the First Request or the Second Request.

32.     DoD has not cited any exemptions to withhold records or portions thereof that are responsive to the First Request or the Second Request.

33.     As of the filing of this Complaint:

The First Request has been pending for 875 days.

The Second Request has been pending for 833 days.

### CAUSES OF ACTION

### COUNT I: VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

34.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 33 as though fully set forth herein.

35.     Defendant is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

36.     The First Request and Second Request (collectively the "Requests") properly seek records within the possession, custody, and/or control of Defendant under FOIA.

37.     The Requests complied with all applicable regulations regarding the submission of FOIA requests.

38.     Defendant failed to make a timely determination regarding Plaintiff's Requests, violating the statutory deadline imposed by FOIA.  5 U.S.C. § 552(a)(6)(A).

39.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Requests.  5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II: VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

40. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 33 as though fully set forth herein.

41. Defendant is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

42. The First Request and Second Request (collectively the "Requests") properly seek records within the possession, custody, and/or control of Defendant under FOIA.

43. The Requests complied with all applicable regulations regarding the submission of FOIA requests.

44. Defendant has not released any records or portions thereof in response to the Requests.

45. Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the Requests.

46. Defendant has not identified whether or how release of the records sought by the Requests would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

47. Defendant has improperly withheld records responsive to the Requests in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

48. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Requests.  *See, e.g.*, 5 U.S.C. § 552(a)(6)(C)(i).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendant to conduct a search reasonably calculated to identify all records responsive to the Requests and to immediately disclose, in their entirety, all records responsive to Requests that are not specifically exempt from disclosure under FOIA;

(2) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(3) enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to the Requests;

(4) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.

Dated: October 19, 2021

Respectfully submitted,

*/s/ Katie Townsend*

Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*